Charles B. Hendricks
State Bar No. 09451050
Steven T. Holmes
State Bar Bo. 00794918
Emily S. Wall
State Bar No. 24079534
CAVAZOS HENDRICKS POIROT, PC
900 Jackson St., Ste. 570
Dallas, Texas 75202-2413
Telephone: 214-573-7307
Email: chuckh@chfirm.com
Email: sholmes@chfirm.com
Email: ewall@chfirm.com

Attorneys for RE Palm Springs II, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| RE PALM SPRINGS II, LLC, | § | Case No. 20-31972-sgj11 |
| | § | |
| Debtor. | § | |
| | § | |

**MOTION TO MODIFY OR QUASH SUBPOENA DUCES TECUM
DIRECTED TO NON-PARTYAND FOR PROTECTIVE ORDER**

RE Palm Springs II, LLC (the "Debtor"), files this Motion to Modify or Quash the Subpoena Duces Tecum served on Non-Party Hodges Ward Elliott, LLC ("HWE") by SR Construction, LLC ("SRC") and Motion for Protective Order (collectively, the "Motion"), and in support thereof respectfully states as follows:

**I.
SUMMARY OF RELIEF REQUESTED**

SRC, a creditor and party-in-interest, has filed multiple objections to motions filed by the Debtor in this bankruptcy case. Following this Court's entry of interlocutory orders overruling SRC's objections, SRC has filed a Motion for Leave to Appeal, Motions to Stay Pending Appeal, and has in fact initiated appeals of those interlocutory orders to the United States District Court

for the Northern District of Texas (the "District Court"). SRC is not a party to any pending adversary proceeding against the Debtor before this Court, and SRC has not sought relief under Rule 2004 of the Federal Rules of Bankruptcy Procedure to conduct an examination of the Debtor or HWE.

SRC served a subpoena duces tecum, dated September 15, 2020 directed to HWE (the "Subpoena"), with a date and time for appearance and production (by video conference) on October 2, 2020 at 11:00 a.m. C.D.T. A copy of the Subpoena is attached hereto as **Exhibit "A"**. The Subpoena seeks testimony from an HWE corporate representative on five (5) topics and production of documents across eight (8) requests, all related directly to the Debtor's efforts to market and sell the Hotel through its closed-bid process. Most importantly for purposes of this Motion, to the extent responsive information exists, each of the requests in the Subpoena seek or would require production of confidential information specifically covered by confidentiality agreements executed by an authorized representative of HWE or non-disclosure agreements signed by prospective purchasers. The Subpoena is also overreaching and violative of the Debtor's closed bid solicitation and auction process, as approved by this Court. Accordingly, pursuant to Rule 9016(c)(3) of the FEDERAL RULES OF BANKRUPTCY PROCEDURE and Rule 45 of the FEDERAL RULES OF CIVIL PROCEDURE, the Debtor requests that this Court enter an Order quashing the Subpoena in its entirety, or in the alternative, modifying the Subpoena and entering a Protective Order related to SRC's efforts to obtain confidential and proprietary information withing the possession, custody or control of HWE.

## II
## Relevant Background Facts

The Debtor has retained HWE as its exclusive broker in connection with the marketing

and sale of its unfinished boutique hotel in Palm Springs, California (the "Hotel"). This Court entered an order authorizing the Debtor's employment of HWE, over SRC's objection, on August 31, 2020. HWE's Exclusive Listing Agreement, attached hereto as **Exhibit "B"** (the "HWE Agreement"), provides, *inter alia* that: (1) HWE shall have the "sole, exclusive right and authority" to market, offer for sale, conduct negotiations and sell the Hotel on behalf of the Debtor (Paragraphs 2 & 4); (2) certain proprietary data, records, and documents regarding the Hotel will be shared with HWE and that HWE will "secure and compile" such information (Paragraphs 8 & 9); (3) that HWE and the Debtor will share, but keep confidential, certain proprietary materials during the course of HWE's engagement (Paragraph 13).

At the inception of HWE's involvement with the marketing and sale of the Hotel, Mr. John Bourret, on behalf of HWE, signed a certain Confidentiality Agreement (the "Confidentiality Agreement") with Hall Palm Springs, LLC and Hall Palm Springs II, LLC., the entity that changed its name to RE Palm Spring II, LLC prior to its bankruptcy filing (collectively the "Disclosing Party"). At the heart of the Confidentiality Agreement is HWE's acknowledgement that it will come into possession of confidential information from the Disclosing Parties in connection with the Hotel sale, and as a condition of such production, HWE agrees to keep confidential and not to disclose any and all "confidential, proprietary and / or trade secret information that relates to the business, products, work or ideas of the Disclosing Party, its affiliates, or to any of their respective employees, officers, directors, shareholders, partners, members, agents, attorneys, accountant or advisors." Confidentiality Agreement, Page 1. A true and correct copy of the Confidentiality Agreement is attached hereto as **Exhibit "C"**.

As part of its engagement, and with the Debtor's consent, HWE has created and maintained a virtual "data room" containing a large number of documents about the Hotel, the

majority of which are confidentially and / or proprietary, and subject to the terms of the Confidentiality Agreement. In order to obtain access to the "data room," each and every party that expresses interest in bidding on the Hotel must sign a non-disclosure agreement, substantially similar to the form attached hereto as **Exhibit "D"** in which the prospective bidder(s) expressly and unconditionally agrees to keep all information they obtain from the Debtor (independently or through HWE) regarding the Hotel confidential.

While SRC has been a party to multiple contested matters in this bankruptcy case, and limited discovery is certainly permissible in contested matters under the Federal Rules of Bankruptcy Procedure, SRC fails to specify which of those contested matter(s) the Subpoena is directed. Other than SRC's Emergency Motions for Stay Pending Appeal, filed in the District Court on Friday, September 25, 2020, there are no *pending* contested matters involving SRC in connection with this bankruptcy case. Both the Debtor and SRC have indicated their intentions to file objections in response to motions currently pending before this Court, including, but not limited to, the Sale Motion and SRC's September 4, 2020 Motion for Stay Pending Appeal. Clearly, SRC cannot utilize any discovery obtained at this stage, whether from HWE or otherwise, in support of its arguments in the putative appeal(s) before the District Court, as the record is closed. For purposes of this Motion, however, the Debtor presumes that SRC's Subpoena is seeking discovery predominately in connection with the pending Sale Motion.

On September 30, 2020, HWE served SRC with timely written objections to the Subpoena, attached as **Exhibit "E"**, asserting that the requests: (1) improperly seeks information that is confidential to HWE and other persons and/or entities that have not authorized HWE to reveal such information; (2) imposes unreasonable and undue burden and expense on HWE, a

non-party; (3) are so vague and broad as to make it difficult, if not impossible, for HWE to prepare for such testimony or reasonably ascertain the documents that should be produced; and (4) seek testimony and production of documents that are not reasonably related to any of contested issues in the above-captioned matter, and are otherwise beyond the scope of discovery (the "HWE Objections").

### III.
### ARGUMENT & AUTHORITIES

**A. Applicable Authority Requires that the Subpoena be Quashed.**

Federal Rule of Civil Procedure 45(d)(3) governs motions to quash or modify a subpoena. More specifically, Rule 45(d)(3)(A) identifies circumstances in which a court is *required* to quash or modify a subpoena. More specifically:

> On a timely motion, the court for the district where compliance is required *must* quash or modify a subpoena that, inter alia: (1) fails to allow a reasonable time to comply; (2) requires the disclosure of privileged or other protected matter, if no exception or waiver applies; (3) subjects a person to undue burden; or (4) requires the disclosure of a trade secret or other confidential research, development, or commercial information.

FED. R. CIV. P. 45(d)(3)(A). As discussed herein, the Subpoena requests production of confidential information and documentation protected by the Confidentiality Agreement as well as the NDA, and no exception or waiver is applicable. Therefore, an order quashing or modifying the Subpoena is required under the circumstances.

Similarly, Rule 45(d)(3)(B) provides that a court *may* grant a motion to quash or modify the subpoena to protect disclosure of "a trade secret or other confidential research, development or commercial information." Finally, Rule 45(d)(3)(C) provides that in the alternative to granting a motion to quash or modify a Subpoena seeking information otherwise protected by Rule

45(d)(3)(B), a court may "order appearance or production under specified conditions if the requesting party "shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship." Because SRC cannot demonstrate any substantial need for the information sought from third-party HWE; and because SRC has already had an opportunity to cross-examine John Bourret, there is no undue hardship for SRC to learn the results of the closed-bid process at the same time as other parties-in-interest prior to the proposed sale and deadline for objections to same. Accordingly, a permissive order quashing the Subpoena, without limitation, is also warranted at this time.

### B. SRC's Subpoena Constitutes an Improper Fishing Expedition for Confidential Documentation and Information.

In furtherance of its efforts to prevent the Debtor from selling the Hotel, and circumvent this Court's Order approving the bid procedures, SRC's has, through its Subpoena, embarked on an improper fishing expedition that requires this Court to grant protection to HWE. Parties are not permitted to "roam in the shadow zones of relevancy to explore matter which does not presently appear germane on the theory that it might conceivably become so." *See Boyd v. American Airlines, Inc.*, No. 3:01-CV-2230-D, 2002 WL 32360294, *1 (N.D. Tex. Oct. 17, 2002) (internal quotation marks omitted); *see also Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir.1978).

In the Subpoena, SRC seeks information and documents related not only to HWE's closed-bid brokerage of the Hotel, but also broadly encompassing confidential documentation that HWE may have obtained from either of the Disclosing Parties that are completely irrelevant to SRC's pending objections or appeals. SRC should not be permitted to conduct a fishing expedition in connection with claims that have not even been asserted against the Debtor.

For example, SRC's Subpoena, attached as **Exhibit "A"** seeks testimony regarding

- "Purchase and sale offers on the property during HWE's involvement as broker for the Property;"
- "Any and all communications between HWE and prospective buyers of the Property";
- "the 'data room' that has been established for the Property in order for prospective buyers to perform their due diligence"

Likewise, SRC's Subpoena requests production of:

- "any and all documents concerning any purchase and sale offers on the Property";
- "any and all documents concerning any communications you have had with prospective buyers of the Property;
- "any and all documents concerning the Data Room on the Property;
- "any and all documents concerning any confidentiality agreements entered into in connection with the Data Room for the Property";
- "any and all communication between HWE and Hall Palm Springs, LLC concerning the Property"; and
- "any and all communication between HWE and RE Palm Springs II, LLC" concerning the Property"

In addition to being objectionable as vague, overly broad and unduly burdensome (as set forth in HWE's Objections), any production of documents or provisions of information in response to these requests would patently violate the express terms of at least the Confidentiality Agreement and the Non-Disclosure Agreement, and also likely the terms of the HWE Exclusive Listing Agreement.

HWE should be further protected from disclosing confidential information in response to these requests on the grounds that the requests, as written, are harassing in nature and further constitute an invasion of confidential nature of the sale process approved by this Court. In addition to acting as the Debtor's exclusive broker in connection with the Hotel sale, HWE has also

provided assistance to the Debtor and its counsel in connection with efforts to formulate bid procedures and respond to objections asserted by SRC and others. Accordingly, documents protected from disclosure by the attorney-client and work product privileges may be among those responsive to the subpoena, and the Debtor seeks to modify the subpoena and for protection from their disclosure.[1]

### C. Alternatively, if HWE is Required to Provide any Testimony or Document Production in Response to the Subpoena, A Protective Order is Necessary to Protect HWE and the Confidentiality of the Underlying Documentation

The Debtor respectfully requests that the Court grant HWE protection from the Subpoena pursuant to Bankruptcy Rule 9016(c)(3) and Rule 45(c)(3) of the FEDERAL RULES OF CIVIL PROCEDURE. Pursuant to Rule 45(d)(3)(B), "[t]o protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information..." (emphasis added). The Subpoena clearly seeks information and documentation protected by the Confidentiality Agreement and confidential commercial information related to both the Debtor and interested third parties, including prospective bidders.

This Court has the power and discretion to enter a protective order. See, e.g., *Doe v. Stegall*, 653 F.2d 180, 184 (5th Cir. 1981) (noting that "Fed. R.Civ.P. 26(c) vests in the trial court discretion over litigants' requests for protection from annoyance, embarrassment, oppression, or undue burden or expense in the discovery process"). The United States Supreme Court has further held that trial courts should not neglect their power to restrict discovery when justice requires protection

---

[1] *See Orchestrate HR, Inc. v. Trombetta*, No. 3:13-CV-2110-P, 2014 WL 772859, *2 (N.D. Tex. Feb. 27, 2014) (Horan, J.) ("A party, although not in possession or control of the materials sought in a subpoena duces tecum and not the person to whom the subpoena is directed, has standing to file a motion to quash or modify under Rule 45(c) if it has a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it."); *see also Madrigal v. Kleberg Cnty.*, No. 2:15-CV-345, 2016 WL 3346522, *1 (S.D. Tex. June 15, 2016) ("Courts have in general found that the attorney-client privilege in subpoenaed materials suffices to confer standing.").

for a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *Herbert v. Lando*, 441 U.S. 153 (1979). For the reasons more fully set forth herein, the Court should grant the Debtor's Motion and either quash the Subpoena, or modify it with an appropriate Protective Order to prevent the disclosure of confidentially information.

### III.
### PRAYER

For these reasons, the Debtor respectfully requests the Court enter an order: quashing SRC's subpoena duces tecum in full and excusing HWE's obligation to respond thereto; or alternatively, to modify and to protect HWE, as a non-party, from SRC's subpoena duces tecum to the extent it requires the production of confidential documents or information otherwise protected by the attorney-client and work product privileges, and for such other and further relief to which the Debtor may show itself entitled.

Respectfully submitted,

**/s/ Steven T. Holmes**
Charles B. Hendricks
State Bar No. 09451050
Steven T. Holmes
State Bar No. 00794918
Emily S. Wall
State Bar No. 24079534
CAVAZOS HENDRICKS POIROT, PC
900 Jackson St., Ste. 570
Dallas, Texas 75202-2413
Telephone: 214.573.7302
chuckh@chfirm.com
sholmes@chfirm.com
ewall@chfirm.com

Attorneys for RE Palm Springs II, LLC

## CERTIFICATE OF CONFERENCE

The undersigned spoke with Ismail Amin, counsel for SRC by telephone on October 1, 2020. No Agreement could be reached regarding the relief requested herein. Accordingly, the Motion is presented to the Court for determination.

*/s/ Steven T. Holmes*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Response was served on October 1, 2020 by electronic transmission through the Court's automated Case Management and Electronic Docketing System for the U. S. Bankruptcy Court for the Northern District of Texas on all parties-in-interest submitting to service of papers in this case by said means.

*/s/ Steven T. Holmes*
Steven T. Holmes